

# NUMBER 13-20-00096-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

ZACHARY LAUREL,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                               Appellee.

---

### On appeal from the 36th District Court
### of San Patricio County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Longoria

Appellant Zachary Laurel appeals a judgment revoking his community supervision and adjudicating him guilty of enticing a child, a third-degree felony. *See* TEX. PENAL CODE ANN. § 25.04. On January 21, 2020, at the hearing on the State's amended motion to adjudicate guilt, Laurel, via a signed stipulation and judicial confession, confessed and stipulated that the facts contained in the affidavit of Rosie A. Franco, incorporated into the

State's motion, were true. The trial court admitted the stipulation and judicial confession into the record. Thereafter, the trial court revoked Laurel's community supervision, adjudicated him guilty, and sentenced him to ten years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. *See id*. § 12.34. Laurel's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Laurel's appellate counsel has filed a motion to withdraw and a brief in support in which she states that she has reviewed the entire record in detail and has found no non-frivolous issues. *See id*. Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation of the record showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 406–07 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Laurel's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Laurel's counsel also informed this Court that she has: (1) notified Laurel that she has filed an *Anders* brief and a motion to withdraw, and attached

2

documents to her notice to Laurel; (2) informed Laurel of his right to file a pro se response and to review the record preparatory to filing that response; (3) informed Laurel of his right to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided Laurel with a form motion for pro se access to the appellate record with instruction to return the motion within ten days of the notice from appellate counsel, and provided this Court's address. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Adequate time has passed, and Laurel has not requested the record or filed a pro se brief.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Stafford*, 813 S.W.2d at 511.

We have reviewed the record and counsel's brief, and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Laurel's appellate counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an

attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this opinion, counsel is ordered to send a copy of the opinion and judgment to Laurel and to advise him of his right to file a petition for discretionary review.[1] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
5th day of August, 2021.

---

[1] No substitute counsel will be appointed. Should Laurel wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see id.* R. 68.3, and should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id*. R. 68.4.